## AIKIN v. BLOODGOOD.

1. An action for the breach of a contract under seal, must he brought upon the instrument itself, unles the contract has been subsequently varied by the parties.

2. The addition of other work to a building, without any departure from the original plan, does not change the original contract entered into. If no price was agreed on for such additional work a *quantnm meruit* would lie for the work so added.

3. The failure to finish the work by the time stipulated, is not a rescission of the contract. If accepted by the other party the objection is waived.

4. When a workman undertakes to do work, to be paid for in the notes of third persons, he cannot abandon the contract, and treat it as a money demand, unless the contract has been rescinded, or he has been prevented ·by the act of the opposite party, from performing it according to its terms.

Error to the Circuit Court of Mobile.

Assumpsit by the defendant in error. The declaration contains the common counts, to which the defendant pleaded the general issue.

Upon the trial, it appeared that the plaintiff had built a

cotton warehouse, yard, wall, &c. for the defendant, furnished the materials, &c., and that the work, and materials were worth $3200.

The defendant then produced a notice, on the plaintiff to produce a written contract, which was produced and read to the jury. By this contract, which was under seal, and dated 3 July, 1844, after describing particularly the work which is to be done, it concludes, "and any thing else done, which may be necessary, if not specified, to make the whole correspond with Aikin's warehouse, on Water street before mentioned. Neville is to furnish all materials, and to finish the whole work, by, or before the 1st October, in a workmanlike manner. The stipulated price of the work to be paid by Aikin, is two thousand dollars, of which one thousand dollars was paid in the month of May last, for the remaining one thousand dollars, said Aikin is to give Neville, the note of F. A. Lacy, and R. H. Nash, indorsed by himself as follows : One note for $333, due 1st February, 1845 ; one for $333, due 1st March, 1845 ; and one for $334, due 1st April, 1845."

In witness whereof, &c. Signed and sealed by both parties.

The defendant objected to any evidence by witnesses, of any agreement for the doing of the work, other than the contract in writing—and also, objected to any evidence of the value of the work provided for by the contract in writing, differing from the price specified therein. The court overruled the objections, the plaintiff not having offered or relied on the written contract, and the defendant excepted.

The plaintiff then examined witnesses to prove, that the work was properly done, and completed, as the contract required ; and that extra work was done to the value of ninety dollars.

The defendant proved, read and relied on the written contract, and examined witnesses to prove that the work was not done until December, instead of October—that a part was improperly done, and he had caused it to be rebuilt by others, at a cost of $123 50. Also, that on the 21st Octo-

Aikin v. Bloodgood.

ber, 1844, the plaintiff gave an order for the two last mentioned notes in the contract, which were accordingly delivered, and that the plaintiff had acknowledged himself indebted to him, for $188 for negro hire, from July to 1st November, 1844. There was no evidence of any demand made of the note first mentioned in the written contract, or refusal to deliver it.

The defendant asked the court to charge, that the plaintiff could not recover for any work embraced in the written contract, but could only recover for extra work, he might prove he had done and had not been paid for.

·That for any work specified in the contract, and done under it, the plaintiff could· not recover for the non-delivery of the note first mentioned in the contract, without a demand and refusal.

These the court refused to give, but instructed the jury, that the plaintiff not having pleaded the contract in bar, and not having made a tender of the note, the plaintiff could recover in this action, any amount proved to be due for extra work, and also the balance due for the work proved, not to exceed the sum specified in the contract. To which the defendant excepted, and now assigns for error.

STEWART, for plaintiff in error, cited Snedicor v. Leachman, 10 Ala. 330.

DARGAN, contra, cited 4 Cowen, 564; 5 Gill & J. 240; 9 Pick. 298; 4 Wendell, 285; 15 Id. 87.

ORMOND, J.—Where parties by a contract under seal, stipulated for the performance of any duty, an action for its breach must be brought upon the instrument itself, and assumpsit will not lie, unless the contract has been subsequently varied by the parties, by the introduction of new terms into the contract, or providing a different time for its performance. [McVoy v. Wheeler, 6 Porter, 201.]

We do not understand from the facts, as recited in the bill of exceptions, that there was any change of the terms of the written contract entered into between these parties. It appears that *extra* work was done, and that it was not complet--

Aikin v. Bloodgood.

ed until December, instead of October, as provided by the contract. The fact that *extra* work was done, not called for in the contract, is entirely consistent with the contract remaining in force. We do not understand from this, that there was any departure from the original plan, but that other, additional work was added. This it is clear would not change the contract, which would still remain in force, and for such additional work, if no price was agreed on, a *quantum meruit* would lie. Nor could the omission of the builder, to complete the work by the time he had stipulated, work a change or rescission of the contract. If, notwithstanding the work was not completed in time, it was accepted by the other party, the only effect would be, that he would be held to have waived any objection to it on this score. But to entitle the plaintiff to abandon the contract, and recover as on a *quantum meruit*, he must show, either that the contract has been rescinded, or that he has been prevented by the act of the opposite party from performing it on his part, according to its terms. [Liningdale v. Livingston, 10 Johns. 36.]

It also appears, that in this case, the plaintiff was not to be compensated in money, but in certain notes, which are described. It is quite too clear for argument, that the plaintiff cannot, without fault of the defendant, abandon the contract, and convert it into a money demand. Whether, if the contract was rescinded by the act of the defendant, or by the agreement of the parties, the plaintiff might not recover upon a *quantum meruit*, without a demand of the note, we need not consider, as there is nothing in the record from which we could infer a rescission, or abandonment of the contract; and whilst it subsists it cannot be converted into a money demand, without a refusal on the part of the defendant to deliver the note. [Snedicor v. Leachman, 10 Ala. 332.]

It was not necessary that the defendant should plead the existence of the special contract, he could take advantage of it under the plea of *non-assumpsit*. Judgment reversed and cause remanded.