23 622
d138 307

# HUTCHISON vs. CULLUM.

1. When a written contract for the building of a house is subsequently varied by the parties, so as to require a greater amount of work and materials, as well as an alteration in the structure and a longer time for its completion, the workman is not bound to sue on the original contract, but may recover on a *quantum meruit*; and the written contract is admissible in evidence to show what the parties had agreed on as reasonable for that portion of the work embraced in it.

ERROR to the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

ASSUMPSIT by James F. Hutchison, against Charles Cullum, the declaration containing all the common counts. Under the *quantum meruit* count in his declaration, the plaintiff offered evidence to show the amount of work and labor done and materials furnished by him in erecting a certain building for the defendant. The defendant objected to this evidence on the ground that there was a special written contract between the parties, which he produced and proved ; but the plaintiff contended that said special contract was annulled after the commencement of the building, and material modifications and alterations made in it; and he adduced evidence to the court to this point. The court decided, that there was a written contract between the parties, and that plaintiff should have declared upon it; and that the evidence offered by plaintiff was not admissible under the *quantum meruit* count of his declaration.

The plaintiff objected to this ruling of the court, and now assigns it for error.

JOHN T. TAYLOR, for plaintiff in error :

1. The evidence adduced by plaintiff was admissible under the *quantum meruit* count, and entitled him to a recovery under that count.—McVoy v. Wheeler, 6 Porter 201; Aikin v. Bloodgood, 12 Ala. 221.

2. The question was one for the decision of the jury, whether the written contract had been annulled or varied by subsequent agreement; and the court erred in deciding it himself, instead of

submitting it to the jury.—Clay's Digest 340 § 149; 10 Ala. 333; 14 *ib.* 460; 16 *ib.* 398; 2 Stewart 355.

DANIEL CHANDLER, *contra* :

1. Where a special agreement remains in force, the plaintiff cannot resort to the general counts.—13 Johns. 96; 18 *ib.* 169; 10 Ala. 330; 20 *ib.* 811; 7 Johns. 133; 13 Johns. 56.

2. If there is a count on a special agreement, and a general count for work and labor done, plaintiff may abandon the special count, and resort to the general count, if he fail to prove the special agreement; but this cannot be done, if the work and labor were performed under the special agreement.—18 Johns. 451.

3. The addition of other work to the contract, without any departure from the contract, does not change the contract itself; but if no price is agreed on for such additional work, a *quantum meruit* would lie for it.—12 Ala. 221. The evidence here shows that the contract was never abandoned; the work was done agreeably to the specifications of the agreement, except as to the additions or modifications; and as to them the plaintiff was allowed to recover for what the work was worth.

4. The furthest that any of the authorities have gone is to allow a recovery on the common counts, although there is a special contract, whenever the plaintiff is entitled, by a breach of the contract, to recover a sum *in numero.*—10 Ala. 332; 20 *ib.* 811; 7 *ib.* 952. In this case there is no pretence that the damages were liquidated.

5. A sealed instrument cannot be discharged by a parol executory contract; but it may be waived or discharged by a new parol contract, when the consideration is executed.—13 Wendell 75; 10 *ib.* 180; 11 *ib.* 27; 7 Cowen 48; 14 Mees. & W. 190. In this case there was no new contract except as to the alterations; the old contract remained in full force.

6. The cases cited by plaintiff's counsel from 6 Porter and 12 Ala., do not sustain his position.

8. The question was properly decided by the court.—18 Ala. 650; 19 Ala. 491.

CHILTON, C. J.—The court below ruled, that there could be no recovery under the *quantum meruit* count, for the work and

labor done and materials furnished by the plaintiff in erecting a house for the defendant, as to that portion of the work &c. for which provision is made in the special contract, notwithstanding the proof showed that the special agreement had been so varied as to considerably enlarge the building, requiring the timbers for a portion of it to be spliced, and increasing the expense of the work and materials to between three and five hundred dollars. In this the judge mistook the law. It is obvious, that if Hutchison, after the modification or change of the agreement, had gone on to complete the job according to the contract as it originally stood, and had sued upon it to recover for the work, he could not have maintained his action; for he would have built a different edifice from that specified in his subsequent undertaking. The fact that such recovery could not properly be had under the agreement, shows that he is not bound to declare specially upon it. A slight or immaterial alteration in the structure of the building, or the addition of extra work not materially varying the terms of the agreement, we are prepared to concede, would leave the original contract as it stood before the supposed change. But where there are such alterations or additions as materially affect the contract as it originally stood, requiring the house-joiner to cast away much of his lumber procured for the completion of the first contract, or to incur a considerable additional expense in splicing the timbers, so as to erect the building according as the parties had stipulated for its enlargement by the modified agreement, it is very clear, we think, that the first agreement is waived by the subsequent one, and if the latter specifies no amount which the workman is to receive, he should be allowed to recover for the work and materials as much as they were reasonably worth.— The special agreement is, however, properly receivable in evidence, as showing what the parties had agreed upon as reasonable for that portion of the work embraced in the first contract. This view, we think, is in harmony with our previous decisions in McVoy v. Wheeler et al., 6 Por. 201, and Aikin v. Bloodgood, 12 Ala. 221.

That the enlargement of the house materially affected the original agreement clearly appears from the proof in the cause. According to the deposition of Mr. Quigly, it required the upper tier of joists should be spliced, and supported by posts.—

These joists were long enough, had the parties proceeded under the first contract. Besides, it required two additional doors, one window leading out of the second story, and three windows in the third story. In fact, the building was to be made wider by an extension eastward to the distance of five feet two inches, requiring, as Mr. Dougherty stated, over three hundred dollars, and according to Mr. Lamb, four or five hundred dollars additional expense to the carpenter. There must have been a corresponding change in the roof and the quantity of covering.

These alterations of the original plan may have required a much longer time for the completion of the building, than was provided in the contract as it at first stood; and assuming this to be true, let us suppose, as a further test of the correctness of our view, that Hutchison had failed to complete the work by the first of October, 1850, and that Cullum had sued him to recover the penalty "fifty dollars for each and every day thereafter the work remained unfinished." Would it admit of any doubt, that Hutchison might well plead the subsequent change of the contract, making alterations in the building, and requiring a material increase of work and a longer time for its performance so as to complete it? Such plea would be clearly good.

The change of the contract, then, affects not only the quantity of work to be performed, and the amount of materials to be furnished, as well as an alteration in the structure, but also in the time for the completion of the edifice; and thus changed, it is clear the workman was not bound to sue on the contract, but might resort to a *quantum meruit*.

Let the judgment be reversed, and the cause remanded.