[United States Fidelity & Guaranty Co. v. Damskibsaktieselskabet
Habil.]

# United States Fidelity & Guaranty Co.
# v. Damskibsaktieselskabet Habil.

### Action upon Bond to secure Faithful Performance of Contract.

1. *Pleading and practice; when error in sustaining demurrer without injury will not work reversal.*—When the facts alleged in a special plea can be introduced in evidence under pleas upon which the case was tried, and under said pleas the defendant could have availed himself of all the benefits he could possibly have been entitled to under said special plea, the erroneous sustaining of a demurrer to the special plea is error without injury, and will not work a reversal of a judgment rendered in favor of plaintiff.

2. *Same; same.*—Where, after pleading the general issue, the defendant in a civil suit filed special pleas which are no more than the general issue, error in sustaining demurrers to said special pleas is error without injury and will not work a reversal of the judgment rendered in favor of the plaintiff.

3. *Action upon bond to secure faithful performance of contract; sufficiency of plea averring acceptance of work.*—In an action upon a bond given to secure the faithful performance of a contract to make repairs upon a vessel, where in the contract set out in the complaint it appears that the contractors stipulated for six months guarantee of the work, and one of the breaches complained of was that the repairs were not made so as to prevent leaks, and that in less than six months it became necessary to stop the leaks and to again repair the vessel, a plea to said assignments of breach which sets up that there was an acceptance of the work by the plaintiff and therefore a waiver of the guaranty against leakage and a waiver of the six months' guaranty, is bad and subject to demurrer.

4. *Same; sufficiency of plea.*—In an action upon a bond given to secure the faithful performance of a contract to repair a vessel, where in the complaint there are several assignments of breaches of said bond by reason of the defective work of the contractors, a plea which purports to answer several of said assignments, but presents no answer to one of said

assignments, is subject to demurrer; and the subsequent with-
drawal or striking out of the assignments to which said plea
is no answer, does not have the effect of putting the court in
error; since, if the defendant desired to interpose said plea
as to the other assignments of breaches it should have obvi-
ated the demurrer by proper amendments or by refiling the
plea after the assignments to which it was not an answer were
stricken.

5. *Same; same.*—In an action upon a bond given to secure the faith-
ful performance of a contract, where the contract is set out
*in haec verba* in the complaint and contains a stipulation
guaranteeing the work done for six months, and one of the
breaches of the bond complained of was that said work did
not remain effective for six months in accordance with said
guaranty, pleas which aver that the defendant "did not, in
any manner, guaranty that any of the work done  *    *    *
would remain effective for six months," are the statement of
mere conclusions of the pleader and subject to demurrer.

6. *Same; same.*—In an action upon a bond given to secure the
faithful performance of a contract, where the contract which
is set out at length in the complaint stipulates that the work
shall be completed within a given time, and one of the
breaches complained of was that the work was not completed
within the specified time in the contract, a plea which admits
the breach of the contract as to the completion of the work
within the time specified, but undertakes to avoid liability
by reason of the fact that the contractors were employed by
the plaintiff to do extra work in connection with the work
specified in the contract, and avers that "by reason of such
extra work, the work stipulated in said contract was neces-
sarily delayed, beyond" the time specified in the contract, is
insufficient as a defense and subject to demurrer.

7. *Same; same.*—In such a 'case, pleas which aver that the work
was not completed within the time specified in the contract
by reason of the fact that there were numerous delays oc-
casioned by plaintiff's conduct during the period fixed by the
contract, but which do not show how much time was con-
sumed by reason of the delays complained of, are bad and
subject to demurrer.

8. *Pleading and practice; amendment of complaint by adding
count.*—Where a complaint in a civil case as originally filed
contained but one count, the amendment of the complaint on
the day of the trial by the addition of a second count which in-
troduces no new cause of action, and when the record shows
that the defendant was permitted to file and did file many
pleas thereto, the allowance of such amendment is permissible,

[United States Fidelity & Guaranty Co. v. Damskibsaktieselskabet
Habil.]

and the court does not err in refusing defendant's motion for a
continuance after the amendment, or in overruling its re-
quest to be allowed the statutory period within which to file
pleas to the added count.

9. *Action upon a bond to secure the performance of a contract; ad-
missibility of evidence.*—In an action upon a bond given to
secure the faithful performance of a contract, by which the
contractors agreed to repair the boilers of a vessel, where the
contract as set out in the complaint contains the stipulations
that the contractors guaranteed the work would last for a per-
iod of six months, and one of the breaches complained of was
that the work done by the contractors leaked within less than
six months, if upon examination of one of the contractors as a
witness he testifies that he was authorized to make a guaranty
for six months at the time of entering into the contract, it is
permissible upon the cross examination of such witness by the
plaintiff to ask him if "he guaranteed that the work to be
done by his firm would not leak;" such evidence having  a
tendency to show whether or not the witness was familiar
with the contract sued upon, and to test the accuracy of his
knowledge and recollection of it, and not being subject to the
objection that the contract was the best evidence.

10. *Same; same.*—In such an action, where the defendant inter-
posed the defense that there was a material alteration in the
contract after it was executed, it is not competent in the ex-
amination of the agent of the defendant who is shown to have
represented it in the matter of the execution of the bond sued
on, and who had testified that he had no knowledge or notice
of any alteration in the contract after it was signed, and that
no one execpt himself had anything to do with the business
of the defendant relating to the execution of the bond, to ask
such witness "what knowledge did the defendant have, if any,
of any alterations which may have been made in the con-
tract, after it was executed?"

11. *Contracts; execution in triplicate; when one of the copies not
the contract agreed upon.*—Where a contract is executed in
triplicate, and in two of the copies there is a provision or
stipulation which is not in the other one, and if such pro-
vision was agreed upon as the form of the contract and was
properly inserted in the two copies, such two copies consti-
tuted the contract between the parties and the other copy not
containing such stipulation or provision is not a contract at
all; and in a suit upon a bond given for the faithful perform-
ance of said contract, the question as to which of the copies

truly evidences the contract between the parties, is a question
for the jury.

12. *Pleading and practice; when general affirmative charge prop-
    erly refused.*—Where, in the trial of a civil case, the general
    affirmative charge is requested by the defendant upon the the-
    ory that the evidence established the averments of a plea
    upon which issue was joined, such charge is properly refused,
    when there is conflict in the evidence tending to establish
    the averments of said plea or adverse inferences may be drawn
    from such evidence.

13. *Same; charge as to liability in one of several counts of the com-
    plaint.*—Where a complaint contains two counts, a charge re-
    quested by the defendant which instructs the jury that if they
    believe the evidence they must find for the defendant on one
    of the designated counts of the complaint, is properly refused,
    as tending to mislead the jury to believe that a separate ver-
    dict as to each count must be returned.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellee against the
appellant. Thompson & Bailey Foundry & Machine
Works entered into a contract with the plaintiff to make
certain repairs upon the boiler of the steamship Habil,
within a specified time and executed bond with the de-
fendant as surety, in the sum of $2,000, for the faith-
ful performance of said contract. The contract was
signed in triplicate, one copy being retained by the agent
of the plaintiff, one copy was sent by him to the plain-
tiff in Norway, and the third copy was sent to the
Thompson & Bailey Foundry and Machine Company.
The work contracted to be done was not completed
within the time stipulated therefor in the contract, and
the plaintiff claimed that the contractors failed to do
the work according to the contract, to the damage of the
plaintiff in a sum largely in excess of the amount of the
bond, and thereupon the plaintiff brought the present
suit against the United States Fidelity & Guaranty
Company as surety upon the bond given as aforesaid
for the faithful performance of the contract. The com-
plaint as originally filed contained only one count, and
assigned six breaches of the contract. Demurrers were
sustained to the 2d and 3d breaches as set forth in the

1st count, and subsequently the 6th assignment of breach was withdrawn by the plaintiff. In the 1st count of the complaint the plaintiff averred the execution of the contract and set it out *in haec verba,* and then further averred the execution of the bond with the defendant as surety thereon to secure the faithful performance of said contract. The first count then averred the breach of said contract complained of. The 1st assignment of breach alleged that the work was not completed until 40 1-4 days after the time stipulated for the completion of the work. The 4th assignment of breach alleged that the crown sheets put in position by the contractors in repairing the boilers of the steamship Habil were not free from leaks as the contract stipulated, and that the leaks appeared therein in less than six months from the date of the execution of the bond, and it, therefore, became necessary to detain the vessel in order to stop said leaks. The 5th assignment of breach averred that the workmanship was not first class in every respect as required in the contract and then averred wherein the workmanship was not first class, and that the defects in the work had to be remedied within six months after the date of the bond. The 6th assignment of the breach counted upon, averred that said work did not remain effective for six months as guaranteed by the contract, but became defective within said period and then alleged wherein it became defective and further alleged that it was necessary to make other repairs therein, to the plaintiff's damage. It is not necessary to set out the averments of the 2d and 3d assignments of breach complained of. The 6th assignment was subsequently withdrawn.

The defendant pleaded the general issue and in addition thereto many special pleas, among which special pleas were the following: "2. The contract, for the faithful performance of which the bond sued on was given, was materially altered after the execution thereof without the knowledge or consent or ratification of this defendant.

"3. The contract, for the faithful performance of

which the bond sued on was given, was materially altered subsequent to the execution of said bond, without the knowledge or consent or ratification of this defendant.

"4. The contract set out in said complaint is not the contract executed by Thompson & Bailey, and for the faithful performance of which said bond was given. ·

"4 1-2. The contract set out in said complaint is not the contract which was exhibited to this defendant, and for the faithful performance of which said bond was given."

"5. It is true that the work stipulated in said contract was not done in twenty-three running days, Sundays and legal holidays excepted; but defendant avers that before the expiration of said twenty-three days the said Captain Gudmunsen, as master of said steamship, employed the said Thompson & Bailey to do extra work on said steamship, in connection with the work specified in the contract for the performance of which said bond was given; and by reason of such extra work the work stipulated in said contract was necessarily delayed beyond the said tewnty-three days.

"6. If it is true that the work stipulated in said contract was not done in twenty-three running days, Sundays and legal holidays excepted, but defendant avers that the completion of said work was delayed beyond the said twenty-three days by reason of the time in waiting for the arrival of the Norwegian Veritas Inspector, whom the said Gudmunsen, as master aforesaid, had employed to come from New Orleans, to examine said work; and defendant avers that the progress of said work was stopped with the consent of said master until the arrival of the said inspector.

"7. It is true that the work stipulated in said contract was not done in twenty-three running days, Sundays and legal holidays excepted; but defendant says that the work stipulated in said contract was wrongfully stopped, to-wit, nine different times, by the engineer of said steamship, who was acting for plaintiffs, in the scope of his employment, and who prevented the prosecution of said work, and thereby prevented the

said Thompson & Bailey from completing the said work within the time stipulated therefor.

"8.   The new crown sheets put in position by the said Thompson & Bailey were free from leaks at the time of the completion of said work; and in order to test the efficiency of said work, a pressure of, to-wit, two hundred pounds of cold water pressure was applied to the boiler which pressure was amply sufficient to test the same, and said boiler did not leak; and said master thereupon accepted said work, expressing satisfaction therewith.

"9.   The workmanship was first-class in every respect, the said boiler being free from leakage at the completion of the work thereon, and any leaks which subsequently appeared were not caused by any want of skill, care or diligence in the manner in which said work was done, but were caused by the strain incident to seagoing vessels of the character of the Habil, and the ordinary wear and tear on said vessel."

"19.   The contract, for the faithful performance of which the bond sued on was given, was materially altered by the plaintiff, or by some one for the plaintiff, or with the knowledge or consent of the plaintiff, subsequent to the execution thereof, and without the knowledge, consent or ratification of this defendant."

"20.   The contract, for the faithful performance of which the bond sued on was given was materially altered, subsequent to the execution thereof, while in the possession or under the control of plaintiff, without the knowledge, consent or ratification of this defendant.

"22.   For further answer, separately and severally to the fourth, fifth and sixth assignments of breach, this defendant says that it did not in any manner guarantee that any of the work done on said vessel by Thompson & Bailey would remain effective for six months."

"28.   The contract, for the faithful performance of which the bond sued on was given, was materially altered subsequent to the execution, and without the knowledge or consent of this defendant, by the plaintiff or some person by it authorized thereunto.

"29.   For further answer, separately and severally, to the fourth, fifth and sixth assignments of breach the defendant says that it did not in any manner guarantee that the work to be done on said vessel by Thompson & Bailey would remain effective for six months."

To pleas numbered 2, 3, 19, 20 and 29 the plaintiff separately demurred upon the grounds, 1, that neither of said pleas allege that said alteration was made by the plaintiff or at its instance, or with its knowledge or consent.   2.   Because said pleas do not allege that said alteration was made by the plaintiff or by some person by it authorized thereunto.

To each of the pleas numbered 5, 6 and 7, the plaintiff separately demurred upon the following grounds: "1. Because the plea does not deny that under the contract the contractors were to pay the plaintiff for each day in excess of twenty-three running days—Sundays and legal holidays excepted—that was consumed in making the repairs under said contract, and said plea does not allege that said contractors were delayed by the matters set out in said plea during the entire forty and one-eight days alleged in the first assignment of breach set out in said complaint.   2d. Because the plea does not allege that the plaintiff wrongfully caused the contractors to wait for the arrival of the Norwegian Veritas Inspector, as set out in said plea."

To plea 8 plaintiff demurred upon the following grounds:  "1st.   Because said plea admits that the crown sheets put in position by Thompson & Bailey were not free from leaks by reason of the several defects alleged in said breach, except that they did not leak under the test alleged in said plea.   2d.   Because the testing of said boiler and the acceptance of the contract, and the expression of satisfaction therewith by the master constituted no waiver of the breach of the contract alleged in the fourth assignment of the breach."

The plaintiff demurred to the 9th plea as pleaded to each of the assignment of breaches numbered 4, 5 and 6, respectively, upon the ground that said plea admits that the work did not remain effective for six months as guaranteed by said contract.

To plea numbered 22 the plaintiff demurred upon the following grounds: 1. That said plea is a plea of *non est factum*, and is not sworn to. 2. Because said plea is argumentative and alleges no fact and does not deny the execution of the contract sued on, or the breach thereof as alleged in the complaint, and does not set up any fact in evidence.

To plea numbered 29 the plaintiff demurred upon the following grounds: "1st. Because it admits the execution of the bond sued on and that it was given to secure the performance of the contract set out in the complaint, and it appears on the face of said contract that the work was thereby guaranteed to remain effective for six months. 2. Because said plea is self-contradictory and inconsistent with itself, in that it both admits and denies that it guaranteed that the work to be done on said vessel by Thompson & Bailey would remain effective for six months. 3. Because it does not traverse the complaint, and alleges no fact in defense, but only a legal conclusion of the pleader."

The court sustained the plaintiff's demurrers to pleas numbered 2, 3, 5, 6, 7, 8, 9, 19, 22 and 29; and overruled the demurrer to plea numbered 20.

To the 20th plea the plaintiff filed a general replication thereto and the following special replications: "1. That the alterations in the contract mentioned in the plea were made with the knowledge and consent of the parties to said contract prior to the execution of the bond sued upon. 2. That the alterations in the contract mentioned in the plea were not made by the plaintiff, or by its authority, or with its knowledge and consent." Demurrers to these replications were overruled, and thereupon the defendant filed a rejoinder taking issue thereon and also a special rejoinder in which it avers "that the alterations alleged in said replication were not made with the consent of this defendant." To the special rejoinder the plaintiff demurred upon the ground that it is shown by the replication that the defendant had no connection with the contract at the time of the alteration. This demurrer to the rejoinder was

sustained. After these rulings upon the pleadings upon the first count, the plaintiff was allowed, against the objection of the defendant, to amend its complaint by filing a second count thereto. In this second count, the contract entered into between the plaintiff and the Thompson & Bailey Foundry & Machine Works was set out *in haec verba* and was identical with the contract set forth in the 1st count of the complaint, except that the contract in the second count of the complaint does not contain a guaranty of the work for a period of six months. This second count of the complaint averred the execution of the bond by the defendant as surety for the faithful performance of the contract. In this count there were three assignments of breach of the contract by the contractors. The first assignment of breach alleged that the work was not completed until 40 1-8 days stipulated for the completion of the work in the contract. The 2d assignment of breach alleged that the crown sheets put in position by the contractors in repairing said vessel were not free from leaks as the contract required, and then alleged the defects causing the leaks. The 3d assignment of breach avers that the workmanship was not first-class in every respect as required by the contract, and alleged wherein the workmanship was not first class.

To the 2d count of the complaint the defendant pleaded the general issue and several special pleas. Among these special pleas were the following: "4. The contract set out in said count is not the contract executed by Thompson & Bailey and for the faithful performance of which said bond was given.

"4 1-2. The contract set out in said count is not the contract which was exhibited to this defendant and for the faithful performance of which said bond was given."

"10. The defendant in answer to the 2d and 3d assignments denies that the crown sheets were not properly fitted, and the holes through which the crown sheets were riveted were made of improper shapes and the straps which covered the connections between the two sheets did not fit properly."

"17.  For further answer to the 3d assignment of breach set out in said count defendant avers that the leaks referred to in said assignment were not caused by any lack of skill or care or by defective workmanship on the part of Thompson & Bailey but by the strain incident to sea-going vessels of the character of the Habil and the ordinary wear and tear on said boiler."  The other special pleas set up in various forms the defense that while the work was not completed within the twenty-three days as stipulated for in the contract, the delay in the completion of said work was caused by the plaintiff or its agent wrongfully stopping said work for various causes and in requiring the contractors to wait for the arrival of the Norwegian Veritas Inspector, in order that the work might be inspected by him, or in requiring the contractors to do special and extra work, which required a longer time than that stipulated for in the contract."

To the 10th plea the plaintiff demurred upon the following ground:  "Said plea does not purport to answer the breaches alleged in each of the counts in said complaint, but only denies part of the allegations in some of the breaches alleged."

To the 17th plea the plaintiff demurred upon the following grounds:  "First.  Because said plea confesses that the work alleged in said assignment of breach to have been defectively and improperly performed, was so defectively and improperly performed, and only denies that the leaks referred to in said assignments arose from such defective performance.  Second.  Because, under said assignment of breach, plaintiff is entitled to recover for the defective work, whether the leaks alleged therein resulted therefrom, or not."

These demurrers to the 10th and 17th pleas, respectively, were sustained.  The demurrers to the other pleas were overruled and replications were filed to which rejoinders were filed.  Demurrers to the rejoinders were sustained.

The trial was had upon issue joined upon the pleadings.  Under the opinion it is unnecessary to set out the

facts of the case in detail. The facts relating to the only
rulings of the court upon the evidence which are re-
viewed on the present appeal are sufficiently shown in
the opinion.

Among the charges requested by the defendant, to the
refusal to give each of which the defendant separately
excepted, were the following: (1 1-2) "The court
charges the jury that if they believe the evidence, they
must find for the defendant on the first count of the
complaint." (2.) "The court charges the jury that if
they believe the evidence, they must find for the defend-
ant on the second count of the complaint."

There were verdict and judgment in favor of the
plaintiff, assessing its damages at $2,381.90. The de-
fendant appeals, and assigns as error the several rul-
ings of the trial court to which exceptions were re-
served.

PILLANS, HANAW & PILLANS, and MITCHELL & TONS-
MEIRE, for appellant.—The court erred in sustaining the
demurrers to the 2d and 3d pleas to the 1st count. If
the contract was materially altered subsequent to the
execution of the bond, such alteration operated as a re-
lease of the surety on the bond, the appellant here, un-
less the alteration was made with its consent or ratifica-
tion, or unless the alteration was made by a stranger.
The presumption is that when an alteration subsequent
to the execution of a contract is shown to have been
made, it will be presumed to have been made by a party
thereto, and not by a stranger to the instrument.—Note
to 86 Am. State Reports, p. 134.

The burden of proving that the alteration was made
by a stranger to the contract, and not by the party de-
nying the alteration, is upon the party who claims that
the alteration was made by a stranger to the instru-
ment.—*National Ulster Co. Bank v. Madden,* (N. Y.) 11
Am. State Reports, p. 637.

This court has held that the alteration of a note after
its delivery to the payee will be presumed to have been
made by him.—*White v. Haas,* 32 Ala. 430; *Lamar and*

*Wife v. Brown,* 56 Ala. 162; *Winter et al. v. Pool,* 100
Ala. 504; *Hill v. Nelms,* 86 Ala. 442.

Where a defendant claimed that an instrument which
he had signed had been changed in certain material re-
spects, it was held a sufficient plea that it had been ma-
terially altered without his knowledge, subsequent to
its execution.—*Wittong v. Schafer,* 121 Ind. 264; *Mur-
ray v. Peterson,* 6 Wash. 418.

The court erred in sustaining the demurrer to the 5th
plea to the first assignment of the first count.

We submit, as a sound proposition of law, that where
a party undertakes to do certain work within a certain
time, for another party, and that other party prevents
the completion of the work within the specified time, he
will not be allowed to set up the failure to complete the
work within the specified time as a cause of damage to
him; and, we submit, the proposition is not altered when
by a mutual arrangement between the parties, such ad-
ditional work is undertaken as will necessarily prevent
the completion of the original contract work within the
stipulated time.    This court has held that in an action
on a contract for building a house, or the performance
of other work, the defendant cannot claim damages if
delayed in the completion of the work when the evi-
dence shows that, by consent, changes were made in the
plans and specifications after the commencement of the
work which required a longer time for its completion.
*Davis v. Badders,* 95 Ala. 349; *Hutchinson v. Cullum,*
23 Ala. 625; *Cornish v. Suydam,* 99 Ala. 620.

The court erred in sustaining the demurrers to the
6th and 7th pleas to the first assignment of the first
count.    We submit that there was no duty devolving
upon appellant to aver the facts required of him by the
demurrer; that if appellant averred that the appellee
prevented the completion of the work within the time
stipulated, such an averment was a complete answer to
the charge that the work was not completed within
such stipulated time.    The conduct of one party to a
contract which prevents the other from performing his
part, is an excuse for non-performance.—*United States*

[United States Fidelity & Guaranty Co. v. Damskibsaktieselskabet
Habil.]

*v. Peck, Admr.,* 102 U. S. 64; also note to book 26 L.
Ed. U. S. Sup. Ct. Reports, page 46. If the obligee is
the cause of the non-performance, the obligor is thereby
discharged.—*Kennedy v. Kennedy,* 5 Am. Dec. 629;
*Anvil Mining Co. v. Humble,* 153 U. S. 540; 2 Chitty
on Contracts, § 1087.

The court erred in refusing the motion of the defend-
ant for continuance. We do not deny that the granting
of a motion for a continuance of a cause is ordinarily
within the sound discretion of the trial court, and not
revisable on appeal. This principle, however, has no
application, we submit, when the motion for a contin-
uance is made after the trial has commenced; in fact,
the trial court has no power of its own motion to take a
case from the jury and continue it.—*Johnson v. State,*
102 Ala. 17; 4 Ency. Pleading and Practice, 836, 837;
*V., S. & P. R. Co. v. Stocking,* 10 So. Rep. 480.

The court erred in refusing to give charge No. 1 1-2
requested by the defendant.—2 Mayfield's Digest, 562.

The court erred in refusing to give charge 2 request-
ed by defendant. "Where the pleader professes to set
out the tenor of a written instrument, or where a copy
of the writing is introduced into the pleading in such a
way as to imply that a literal representation of it was
intended, a slight variance between the allegations and
the proof will be fatal."—22 Ency. Pl. & Pr., 623.

"If the party attempts to set out the contract *in haec
verba,* a technical variance in an immaterial matter will
be noticed."—*Harrison v. Weaver,* 2 Porter 543; *Mc-
Rae v. Raser,* 9 Port. 124.

GREGORY L. & H. T. SMITH, *contra.*—The demurrers
to the 2d and 3d and 19th pleas were properly sus-
tained.

It will be observed that neither of the foregoing pleas,
the second, third and nineteenth, contained any alle-
gation to the effect that the bond was altered by the
plaintiff while in its possession, or with its knowledge
or consent. The nineteenth plea seeks to circumvent
this difficulty by alleging that the alteration was made

by some third person for the plaintiff, but it does not show that the plaintiff either knew or consented thereto. It seems to be plain that an alteration by a stranger does not invalidate the contract.—*Anderson v. Bellinger & Ralls,* 87 Ala. 337; 2 Am. & Eng. Ency. of Law, (2 ed.), 214 and note.

The demurrers to the 9th plea were properly sustained. Here, we have a case where a mechanic warrants his work to withstand the strain of ordinary wear and tear for six months, and then undertakes to rid himself of his guaranty by pleading simply that he did his best. The fact that it was impossible for a promissor to perform his contract does not relieve him of the contractual obligations.—*Jones v. Anderson,* 82 Ala. 302; 7 Amer. & Eng. Ency. of Law, 237-8.

The demurrers to the 5th, 6th and 7th pleas were properly sustained. The precise question raised by these rulings has been fully decided by the Supreme Court of the United States to the effect that while the delay by the owner of the vessel might have justified the contractor is declaring a forfeiture of the contract, if he went on with the performance of the contract he was bound to complete the work in the contract period plus the time occupied by the wrongful stoppage.—*McGowan v. American Tan Bark Co.,* 121 U. S. 600, and authorities there cited.

That the amendment in this case did not constitute a departure seems to be plain, and there are many authorities in this State holding that the insertion of other terms in a contract sued upon, or a modification of the description thereof in the complaint, does not constitute a total departure from the original cause of action. In this case, no new term was added to the contract, but only one stipulation stricken therefrom. *Ex parte Sullivan,* 106 Ala. 80; *Springfield Fire & M. Ins. Co. v. DeJarnett,* 111 Ala. 256; *Tapscott v. Gibson,* 129 Ala. 503; *Chambers v. Fall, R. E. & L. Ass'n.,* 126 Ala. 296; *Reed v. Scott,* 30 Ala. 640; *Dowling v. Blackman,* 70 Ala. 303; *Sublett v. Hodges,* 88 Ala. 491; *Long v. Patterson,* 51 Ala. 414; *Steed v. McIntyre,* 68 Ala.

408; 1 Brickell's Digest, 76, § 98; *Ricketts v. Weeden,* 64 Ala. 548.

The rulings of the court in allowing the plaintiff, upon the cross examination of the witness Bailey, to ask him if he guaranteed that the work to be done by his firm would not leak, was free from error. The rule requiring the best evidence does not apply to collateral matters.—*Foxworth v. Brown,* 120 Ala. 59, and citations; 3 Mayfield's Dig. 513, § 1505.

TYSON, J.—The complaint in this case seeks to recover damages for an alleged breach of a bond executed by defendant as surety for certain named contractors guaranteeing the faithful performance of all obligations growing out of a contract made by them to repair the boiler of the steamship Habil, belonging to the plaintiff, according to specifications embodied in said contract.

It contains two counts, (the second added by way of amendment), each of which set out the contract relied upon *in haec verba.*

The contract as set forth in the first count shows a guaranty of the work to be done for six months; while in the second no such guaranty is shown. In all other respects, the contracts exhibited in each count are the same.

And the breaches of the contracts are identical except that in the first a breach of this guaranty is assigned, while in the second it is not.

The undertakings on the part of the contractors common to both contracts alleged in each of the counts are: First, that the work to be done is guaranteed to be free from leaks, etc.; Second, that the work is to be completed in twenty-three (23) running days, not including Sundays and legal holidays, and if not completed within that time, the contractors forfeit one hundred dollars for each day (Sundays and legal holidays excepted) after the time specified: Third; that all material and workmanship are to be first-class in every respect, etc., etc.

The breach of the contracts assigned, common to both counts is, that the work was not done within the number of days as specified in the contracts, but that forty (40) and 1-8 days were consumed in doing said work in excess of the twenty-three (23) days.

The first count assigned, in addition to this one, a breach of the guaranty against leaks, alleging the cause of the leaks, an effort on the part of contractors to remedy them, and their reappearance in less than six months from the date of the bond, etc., etc.; also, that the workmanship was not first-class, averring in what respect it was not, and that the defects had to be remedied by plaintiff at its own cost within six months after the date of the bond, etc., etc. It contained other assignments of breaches, but it is unnecessary to notice them since they were eliminated by demurrers and otherwise.

The second count, in addition to the one common to both, relied for recovery upon breaches of the guaranty against leaks and of the unskillful workmanship, omitting all reference to the six months guaranty.

Besides the general issue, a large number of special pleas were filed to each count. To many of these special pleas demurrers were sustained. One of the defenses interposed to the first count was that the contract alleged in it had been materially altered after its execution without the knowledge or consent or ratification of the defendant. The pleas making this defense contained no averment that the alteration was made in the contract while it was in the possession or control of the plaintiff, and this was the ground of objection taken to them by demurrer, which was sustained. The theory upon which the sufficiency of the pleas are attempted to be sustained in, that the averment of material alteration after execution imports that it was done after delivery, and consequently while the contract was in the custody and possession of plaintiff. In other words, the averment of material alteration of the contract after its *execution* is the equivalent of an aver-

ment that the alteration was made while the contract
was in the plaintiff's possession or custody.—*Hill v.
Nelms,* 86 Ala. 442. Had the pleas averred, as was done
in plea number 20, upon which issue was taken, that
the contract was altered subsequent to its *execution,*
while in the possession or under the control of plaintiff,
without the knowledge, consent or ratification of de-
fendant, the burden of proof would have been the same.
Under all of these pleas if a suspicious material alter-
ation appeared on the contract it is incumbent on the
plaintiff to furnish a satisfactory explanation; but, if
it is not apparent, the *onus* is on the defendant to show
that it was altered, (*Barclift v. Treece,* 77 Ala. 528;
*Montgomery v. Crossthwait,* 90 Ala. 553,); and upon
proof of this fact by defendant the burden is then cast
upon the plaintiff to overcome the presumed invalidity
of the paper.—*Winter v. Pool,* 100 Ala. 503; *Hill v.
Nelms, supra;* 2 Am. & Eng. Ency. of Law, (2d ed.),
279. Again, the identical issue attempted to be raised
and presented by these pleas was raised by plea number
four (4) upon which issue was also joined. So then,
we have two pleas upon which the case was tried of the
same legal import as these we are considering, under
each of which the defendant could have availed himself
of all the benefits he could have possibly been entitled
to, had the demurrers been overruled and issue been
joined on them.—*L. & N. R. R. Co. v. Hall,* 131 Ala. 161.
And as matter of fact, upon looking into the evidence,
we find that the defendant did actually have the benefit
of all evidence under pleas four (4) and twenty (20)
that it would have been entitled to had the pleas under
consideration remained in the record. The ruling of
the court, if erroneous, was without injury.

Plea ten (10) to the second and third assignment as
laid in the second count and plea seventeen (17) to the
third assignment in the same cout are, at least, no more
than the general issue, and the ruling on the demur-
rers to each of them are disposed of by the principle
just above announced.

The eighth (8) plea to the fourth assignment of the
first count proceeds on the theory that an acceptance

of the work was a waiver of the guaranty against leakage, and to sustain its sufficiency, of necessity, a waiver of the six months guaranty. To so hold; would in effect destroy two of the essential terms of the contract, and, doubtless defeat the very purpose for which the six months guaranty was intended.—*Milton v. Rowland*, 11 Ala. 732; *Sheppard v. Dowling*, 103 Ala. 563. Plea nine (9) purports to answer the 4th, 5th and 6th assignments as laid in the first count. Confessedly it is no answer to the sixth, and the demurrer to it was properly sustained. The subsequent withdrawal or striking out of the assignment could not and did not have the effect of putting the court in error. The court could not, at the time it was called on to rule upon the demurrer, know or be required to anticipate that the assignment would be stricken. If the defendant desired to interpose it as an answer to the 4th and 5th assignments, it should have obviated the demurrer by the proper amendment, or refiled the plea after the 6th had been stricken.

Pleas twenty-two and twenty-nine or identical. The averment in each of them is that the defendant "did not in any manner guarantee that any of the work done on said vessel by Thompson & Bailey would remain effective for six months." If they be construed as averring that the legal effect of the bond was not a guaranty of the six months clause in the contract, this is a mere conclusion of the pleader, and they were subject to the demurrer. On the other hand, if they be construed as averring that the contract contained no such clause when executed, then the defendant can not complain of the rulings for the reason that he had the benefit of this issue under other pleas. It is not insisted, as we understand, that they were intended to deny the execution of the bond by defendant.

The fifth plea to the first assignment of breach of the contract in the first count was clearly one in confession and avoidance. It expressly admitted the breach of the contract as alleged, but undertook to avoid liability by reason of the fact that the contractors were

employed by plaintiff to do extra work on the steam-
ship in connection with the work specified in the con-
tract, averring that it was "by reason of such extra work
the work stipulated in said contract was necessarily
delayed beyond said 23 days." The plea is subject to
two constructions: First, that the extra work was of
such character as to necessarily interfere with the per-
formance of the original contract, in which event the
contractors would doubtless have been entitled to an
extension of time for the period occupied by the extra
work and no more, (*Texas & St. Louis Ry. Co. v. Rush,*
19 Fed. Rep. 239) ; and second, that the two jobs might
well have been done simultaneously without the one in-
terfering with the other, except that the contractors
did not have employes enough to do the work under both
contracts at the same time, and, therefore, in order to
perform the contract for the extra work, they had to
desert the work they were to do under the contract sued
on. Clearly if the last construction should be adopted,
the plea simply means that the contractors were unable
to perform both of their promises, not by reason of any
inherent difficulty in the performance of the contract,
but by reason of their own shortage in facilities to per-
form both at the same time. But whether the one or
the other of the constructions be adopted, the plea is
bad.

The case of *Davis v. Badders et al.,* 95 Ala. 349, re-
lied upon by appellants as sustaining the sufficiency
of the plea rather supports our conclusion. The case
of *Hutchinson v. Cullum,* 23 Ala. 625 and *Cornish, et al.
v. Suydan,* 99 Ala. 620, cited by appellant have no ap-
plication. In each of those cases there was a novation
of the original contract.

The 6th and 7th pleas to the same assignment, were
also in confession and avoidance. The 6th plea set up
that the work was not completed within the time speci-
fied in the contract by reason of the time spent by the
contractors in waiting for the arrival of the Norwegian
Veritas inspector whom the plaintiff had employed to
come from New Orleans to examine the work. The

7th plea alleged that the work was wrongfully stopped nine different times by the engineer of the steamship acting for the plaintiff in the scope of his employment, thereby preventing the contractors from completing the work within the time specified in the contract. It will be noted that the pleas do not show how much time was consumed by the delay complained of. *Non constat,* the delays complained of did not cause a period longer than one day. They assert the broad proposition that because there were delays occasioned by plaintiff's conduct during the period fixed by the contract, by which the contractors were unable to complete the work within the twenty-three days, that the plaintiff cannot recover for a violation of that stipulation, notwithstanding the contractors claimed no breach of the contract by abandoning the work, but proceeded to do the work under it. The contractors by a continued performance of the contract must be held to have consented to the delays; and the plaintiff to an extension of the time occasioned by them. The pleas failing to aver that the delays occasioned by plaintiff prolonged the doing of the work for forty and 1-8 days, as averred in the complaint, are clearly no answer to it.

If the work could have been completed within the period fixed by the contract plus the additional time occasioned by the delays, it was the duty of the contractors to have completed it within that time; and if they delayed its completion beyond that period they are liable for each day in excess of it.—*McGowan v. Amer. Tan Bark Co.,* 121 U. S. 600.

There is no merit in the contention that the court erred in refusing the defendant's motion for a continuance after the amendment of the complaint by the addition of the second count, nor overruling its request to be allowed the statutory period within which to file pleas to this added count. This count introduced no new cause of action, and the record shows that the defendant was permitted to file and did file to its nineteen pleas, and doubtless the court would have permitted it to have filed more, had the request to do so been made,

and its counsel had thought it advisable. Presumably every defense that it had was presented, nothing to the contrary appearing in the record.

This brings us to a consideration of the exceptions reserved to the rulings of the court, insisted upon in argument, upon the admission and exclusion of testimony. There are only two of them. The first relates to an objection interposed by defendant to a question propounded by plaintiff, on cross examination, to witness Bailey, who was one of the contractors and who testified, that he made the contract in controversy, for his firm. The question asked him was : "If he guaranteed that the work to be done by his firm should not leak?" The objection interposed was that the contract was the best evidence. Before the court ruled on the question, the witness answered "that he did not guarantee it." The defendant, however, moved to exclude this answer upon the ground assigned in the objection to the question. It is doubtless true that the contract was the best evidence as to whether Thompson & Bailey guaranteed that the work would not leak, and if the purpose of the question had been to establish the contents of the contract, the objection would have been good. But this was clearly not the purpose or scope of the examination. One of the chief matters in controversy between the parties was, whether the "six months' guarantee," which appeared in the copies of the contract delivered to the plaintiff's agent, was inserted in them before their delivery or subsequently thereto. The witness had testified that he had positively refused to make any such guarantee at the time of entering into the contract. He says that he was requested to make it, but declined to do so and that the contract was signed without the guarantee clause being filled in. The witnesses for the plaintiff deny this and assert that the words "six months" were inserted by his consent. Witness Bailey in testifying upon the subject undertook to show that he was familiar with the contract sued upon, and it was, of course, permissible to test the accuracy of his knowledge and recollection of it. Would it not have been permissible to ask him for a

24

description of the paper that he admitted he signed and delivered, which he claimed to deliver? And would it not have been a circumstance against the accuracy of his observation and recollection if he had testified that the entire paper was writen with a pen, while as matter of fact the greater portion of it was typewritten? We think so. The question here presented is upon principle the same.

The other exception is based on the ruling of the court in sustaining an objection by plaintiff to the question propounded by defendant to the witness McCartney: "What knowledge did the defendant have, if any, of any alterations which may have been made in the contract after it was executed?" This witness, who is shown to have represented the defendant corporation in the matter of the execution of the bond sued on, was permitted to testify that he had no knowledge or notice of any alteration in the contract after it was signed, and that no one had any thing to do with that part of the business of the defendant company relating to the execution of the bond except himself. What other agents or officers of the corporation may or may not have known about the alteration, had they told the witness of their knowledge or want of knowledge, his testimony as to what they knew or did not know would have been the barest hearsay. And confessedly the witness could not testify that a person does or does not know of the existence of a fact, without being told, when the witness himself has no knowledge of the fact.

A number of written charges were refused to the defendant, but only two of them, numbers 1½ and 2 are insisted upon. The insistence that charge numbered 1½ should have been given is based solely upon the contention that the evidence established the averments of the plea numbered 4½ without dispute and beyond any adverse inferences. That plea reads: that "the contract set out in said complaint is not the contract which was exhibited to this defendant and for the faithful performance of which said bond was given." The evidence is without dispute that there was only one contract be-

tween the parties. What that contract was is a matter of serious controversy. The writings evincing it consisted of three (3) papers signed by each of the parties, supposed at the time to be exact copies of each other. On the face of two of the copies, delivered to the plaintiff's agent, there appeared a "six months guarantee," while on the face of the third, which was delivered to the contractors, there is no such "guarantee," but a blank space appeared instead. It cannot be seriously doubted that if the "six months guarantee" was agreed upon as a term of the contract and was properly inserted in the two copies delivered to plaintiff, one of which is exhibited and relied upon in the count of the complaint as to which the charge under consideration was requested, that these writings constitute the contract between the parties, and that the copy held by the contractors, not containing the essential term of the contract on account of an omission to fill the blank space left in it, was not a contract at all. It was this latter paper that was exhibited to the defendant's agent. If, as we have said, it did not embody the "six months guarantee" when it should have done so and the other copies properly did, it was no more than a blank piece of paper so far as the contracting parties were concerned, and the bond, confessedly, was not given for its faithful performance. Under the evidence, which of the copies evinced truly the contract that was made, was clearly for the jury. This being true, the facts alleged in the plea were not affirmatively and undisputedly proven and, therefore, the charge requested was properly refused..

The court was under no duty to give the other charge on the principles declared in *Dorsey v. State*, 134 Ala. 553, and cases there cited.

We have considered every assignment of error insisted upon in argument of appellant's counsel, and find no error in the record. The judgment must be affirmed.

Affirmed.