152 So.2d 133

**ALLIED MILLS, INC.,**

v.

**Finis ST. JOHN.**

8 Div. 121.

Supreme Court of Alabama.

April 11, 1963.

Lusk & Lusk, Guntersville, for appellant.

Smith & Moore, Guntersville, for appellee.

SIMPSON, Justice.

Appeal by complainant from a declaratory judgment rendered by the Circuit Court of Marshall County, in Equity, in favor of the respondent.

The bill in substances alleges:

The parties entered into a written contract on February 14, 1961, whereby appellee was to furnish all material and labor in excavation and removal of excavated

material from appellant's property. This work was completed and appellant billed for the amount due, a part of which was paid.

On April 6, 1961, appellee was informed by appellant that the adjoining property owner desired a 1½ to 1 slope on an embankment since part of the original excavating had actually been done on the adjoining property. The job was discussed and appellee stated he fully understood and did not need a drawing offered him. The sloping was commenced and completed but not to appellant's satisfaction, as the slope instead of being upon a flat plane was rounded or bulging. Appellee then proceeded to slope the adjoining land according to these instructions.

Appellee demanded that he be paid not only for the material originally excavated at 40 cents per cubic yard (which was the price agreed upon in the written contract) but also for the use and operation of a front end loader and bulldozer at $27.50 per hour and the use and operation of six dump trucks at $4.00 per hour for the nine additional days at nine working hours per day while doing the additional work in removing the rounded surface of the slope. Appellant contended that it only owed appellee the full amount claimed under the original contract, and for the extra work under the price agreed upon under the original contract, but denied liability for the truck and machinery for the additional nine days. Appellant asked the lower court to decree that appellee is due only the 40 cents per cubic yard for material removed and not for the operation of machines and trucks. Appellee contends that this is an erroneous computation of the amount due but rather than being paid for the price of hauling dirt for the additional work he was entitled to pay for his equipment at the recited price.

Appellee claims that erroneous instructions initially given him by appellant's agents made it necessary for him to excavate the additional material and use the extra equipment and spend the extra time on the job.

The lower court entered a finding that appellee was at first misinformed as to the sloping and was later for the first time sufficiently informed that a 1½ to 1 slope was to be placed on the embankment, and that appellee went back and worked an additional nine days. There was evidence to support this finding. The matter was submitted to the Register who determined that appellee could have done the nine days work in five days had he received proper instructions as to the grade desired when he first began work. The amount of compensation allowed appellee was assessed in accordance with appellee's contention by the Register. These findings were also supported by the evidence.

The original contract contained the following provision:

"The Owner, without invalidating any requirements of the contract, may order extra work and/or make revision, additions and omissions which involve additions or deductions to the contract price. The value of any such modification shall be based on itemized quantities submitted by the Contractor and approved by the Owner's representative and the unit prices quoted by the Contractor for such work in his proposal. Such modification shall be authorized in writing by the Owner."

Admittedly, appellant did not authorize the excavating of the adjoining lot and sloping thereon in writing.

Appellant contends on appeal that the grading of the embankment should be governed by the terms of the original contract in writing; but that the written authorization provision of the "Work Beyond Contract Requirements" had been waived by the parties.

There can be no doubt that parties to an executory contract in writing may by mutual consent without other consideration orally alter, modify or rescind the written

contract unless the contract is one required by law to be in writing. Moore v. Williamson, 213 Ala. 274(4), 104 So. 645, 42 A.L.R. 981; Andrews, Allen & Moorefield v. Tucker, 127 Ala. 602, 29 So. 34; Badders & Britt v. Davis, 88 Ala. 367, 6 So. 834.

 Appellant points out that the Badders case, supra, is authority for the proposition that where parties to a written contract agree orally to alter the written agreement and no price is agreed upon, the presumption is that no extra compensation is warranted. We took note that the extra work in the Badders case concerned only alterations in the plans of the house subject to the contract. In the case at bar there was a substantial change in the work to be performed; the work was not even to be performed on the same premises as in the original written contract. This was not within the scope of the original written agreement. Clearly then the terms of the written contract should not govern the subsequent oral contract even though no price for the sloping was agreed upon between the parties. Nor was the same type excavation work to be performed in the oral contract, as it involved sloping.

In the early case of Hutchison v. Cullum, 23 Ala. 622, our Court held that where a change of contract between the parties affects the quantity of work to be performed and the amount of materials to be furnished, as well as an alteration in the structure, but also in the time for completion, the contractor is not bound to sue on the contract but might resort to *quantum meruit*. The Court determined, in short, that since the original written agreement was materially affected by the subsequent oral agreement, the contractor was not bound by the terms of the original agreement in performing the subsequent work.

In the case of Smith v. Sharpe, 162 Ala. 433, 438, 50 So. 381, 383, the Court used the following language:

"It is a general principle, frequently applied to builders' contracts and to others, that a modification of the requirements by mutual consent will be a waiver of special stipulations thereby rendered impossible, *and that the party who consents to such modification is liable for reasonable compensation to the other party, whose work and labor has been accepted and availed of.*" (Emphasis supplied)

The case of Bonie v. Griffin, 252 Ala. 299, 40 So.2d 870 impresses us as decisive of the case. There the Court held that a contractor being sued by the owner for failure to complete a building contract could, nevertheless, recover by way of set-off for extra work performed at the owner's request in addition to that required by the contract. Quoting from the opinion of the Court:

"Liability for these items is predicated not upon the original contract but upon materials furnished and labor done and accepted pursuant to an arrangement which was mutual and additional to the original contract.

 The trial court in determining the issue in favor of appellee seems to have also placed reliance upon the following statement found in 12 Am.Jur., Contracts, § 325, which we believe a correct statement of the applicable principle:

"Where the parties to a special contract deviate from the original plan agreed upon and the terms of the original contract do not appear to be applicable to the new work, it being beyond what was originally contemplated by the parties, it is undoubtedly to be regarded and treated as a work wholly extra, outside the scope of the contract, and may be recovered for as such. A contractor may recover the reasonable value of additional work necessitated by a material change of specifications."

 There is nothing in the record to controvert the fact that the finding as to the amount due appellee for the extra work was reasonable.

**72**

We are at the conclusion, therefore, that the trial court committed no error in affirming the report of the Register and entering the decree appealed from.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.