**Joseph E. BRUNSWICK, Plaintiff-Appellee,**

**v.**

**D. Dale REGENT et al., Defendants-Appellants.**

**No. 72–1078**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 6, 1972.

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

Richard B. Marx, Frank, Strelkow & Marx, Miami Beach, Fla. for defendants-appellants.

Joseph Teichman, of Snyder, Young & Stern, North Miami Beach, Fla., for plaintiff-appellee.

Before John R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Appellee, Joseph E. Brunswick, sued appellants, D. Dale Regent and Dalen Investments and Funds, Inc., in federal district court alleging violations of federal and state securities laws, 15 U.S.C. A. §§ 77v and 78aa, and breach of contract. Regent and Dalen Investments counterclaimed for reformation of the contract. Following a pre-trial conference the parties joined issue only on the breach of contract claim, and Brunswick prevailed in a non-jury trial. Regent and Dalen Investments appeal the judgment rendered below, alleging (1) that the contract in question was improperly admitted into evidence, and (2) that the federal district court was without jurisdiction to hear the case. Finding both allegations wholly without merit, we affirm.

Regent contends that the contract which is the focal point of this dispute was not properly authenticated at the trial. It is true that no testimony regarding the authenticity of the contract was produced at the trial itself, over Regent's objection. However, Regent neglects to explain the pre-trial conference and its effects upon the subsequent trial. Attached to Brunswick's original complaint was a copy of a written offer for the sale of ten shares of stock. The offer was signed individually by appellant Regent and addressed to Brunswick. The offer contained a condition that Regent would refund the $25,000 purchase price to Brunswick and two other purchasers if requested in writing, and Brunswick accepted. At the pre-trial conference and in the resulting stipulation, Regent raised no objection whatsoever to the authenticity of the contract when Brunswick introduced it. Regent's deposition stated that he had examined the contract, that he had signed it, and that he had not returned the money to Brunswick even though requested to do so. Even more indicative, appellants' only contention at the pre-trial conference was a counterclaim for reformation of the contract, which is completely inconsistent with the argument they now raise on appeal. During the entirety of the pre-trial conference, appellants not only failed to object to the validity of the contract, but also continually referred to the document as a valid instrument. The purpose of a pre-trial conference is to sift the issues to be presented at the trial, F.R.Civ.Pro. 14. Correctly following that rule and the pleadings and statements of the parties at the conference, the able trial Judge concluded that "the contract has been agreed that it was entered into. There is no dispute over that, so it will be admitted into evidence." Appellants' objection was entirely overdue, and the judgment of the district court is affirmed.

Appellants' jurisdictional claim is also without merit. Appellants contend that Brunswick did not meet the jurisdictional amount requirement of 28 U.S.C.A. § 1332, because Brunswick did not establish that he held an "express trust" when he sued in behalf of two other parties allegedly misled by appellants' contract, F.R.Civ.Pro. 17(a), and had himself committed only $5,000 to the venture. We find appellants' argument irrelevant, because the district court properly entertained jurisdiction of this dispute on the basis of 15 U.S.C.A. §§ 77v and 78aa, provisions relating to securities. Because of appellants' position during the pre-trial conference, which amounted only to a request for reformation of the contract, Brunswick decided to proceed on the contract claim alone

and did not seek further relief under the securities claims. However, Brunswick's federal securities claim was clearly not frivolous, and the district court was not only empowered, but compelled, to retain pendent jurisdiction of the contract claim. As a judicial economizer, pendent jurisdiction permits transactional unity to serve as an entry visa to the federal enclave and merits our approbation. *See* Gem Corrugated Box. Corp. v. National Kraft Container Corp., 2 Cir. 1970, 427 F.2d 499 (note 1); *see also* Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; Drawdy Investment Co. v. Leonard, 5 Cir. 1958, 261 F.2d 226. In sum, Regent and Dalen Investments made their own beds at the pre-trial conference, and the judgment rendered on the basis of their housekeeping must be affirmed.

Affirmed.