**Daniel O'CONNELL, Plaintiff-Appellee,**

v.

**ECONOMIC RESEARCH ANALYSTS, INC., and Richard W. McIntyre, Defendants-Appellants.**

**No. 73-2606.**

United States Court of Appeals, Fifth Circuit.

Aug. 26, 1974.

---

Guy K. Stewart, Jr., Warren M. Salomon, Miami, Fla., for defendants-appellants.

Jeffrey A. Tew, Miami, Fla., for plaintiff-appellee.

Before BELL, GOLDBERG and CLARK, Circuit Judges.

PER CURIAM:

Plaintiff O'Connell brought this action in the United States District Court for the Southern District of Florida seeking recovery against defendants Economic Research Analysts, Inc. ("ERA"), a registered broker/dealer, and Richard W. McIntyre, its president, under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Act")[1] and the Florida common law of fraud, for losses suffered in the course of certain securities transactions with one Richard F. Petersen during the time that Petersen was employed by ERA as a registered representative. The court below specifically found that defendants, as "controlling persons" within the meaning of the Act[2], were liable to plaintiff for the fraudulent practices of their employee and awarded judgment accordingly. We reverse.

We hold today in Hudak v. Economic Research Analysts, Inc., 5 Cir. 1974, 499 F.2d 996, [1974], a companion case, that a buyer's action instituted in Florida to recover for losses realized in sales conducted in violation of section 10(b) and Rule 10b–5 is governed by the two-year statute of limitations imposed by § 517.21[3] of the Florida blue sky

---

1. 15 U.S.C. §§ 78j(b) and 78t(a).

2. Every person who, directly or indirectly, controls any person liable under any provision of this chapter or any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.
15 U.S.C. § 78t(a).

3. Fla.Stat.Ann., § 517.21.

laws. Since the plaintiff commenced the present suit on April 27, 1973, some two and one-half years after his admitted discovery of the fraud, *see* Sargent v. Genesco, Inc., 5 Cir. 1974, 492 F.2d 750, 758, the federal claim is barred.

■■ Plaintiff argues that the judgment can nevertheless stand on the basis of the state fraud claim. Though all the parties to this suit are residents of Florida, the district court unquestionably had discretion to entertain the common law action under the doctrine of pendent jurisdiction. The complaint presented a federal question of "substance sufficient to confer subject matter jurisdiction on the court," and the "state and federal claims . . . derive[d] from a common nucleus of operative fact."[4] Unfortunately, we are unable to determine from the ambiguous references to "fraud as a matter of law" in the findings and conclusions entered below whether the district court in its discretion determined to hear the pendent claim. Given the already significant outlay of public and private resources for the prosecution of this case, "considerations of judicial economy, convenience and fairness to litigants"[5] persuade us that the appropriate action is to remand the cause to the district court. If that court had intended to pass on the pendent state claim at the time judgment was entered, then explicit findings can easily be produced, making review of the merits possible. Our disposition of the federal claim adversely to plaintiff has not destroyed the *power* of the district court to conduct further proceedings on the state created cause of action. The district court was vested with discretion to hear both federal and state claims upon the filing of the complaint. While a subsequent dismissal of the federal aspect of the litigation affects the propriety of continuing with the state issues,

we are not willing to defeat the commonsense policy of pendent jurisdiction—the conservation of judicial energy and the avoidance of multiplicity of litigation—by a conceptual approach that would require jurisdiction over the primary claim at all stages as a prerequisite to resolution of the pendent claim.

Rosado v. Wyman, 1970, 397 U.S. 397, 405, 90 S.Ct. 1207, 1214, 25 L.Ed.2d 442.

Reversed and remanded.

4. United Mine Workers v. Gibbs, 1966, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed. 2d 218.

5. United Mine Workers v. Gibbs, *supra,* at 726, 86 S.Ct. at 1139.