348 So.2d 461 (1977)
Frank WATSON
v.
Calvin McGEE, etc.
SC 1698.
Supreme Court of Alabama.
July 8, 1977.
*463 Charles D. Rosser and Henry H. Self, Jr. of Rosser & Munsey, Tuscumbia, for appellant.
Vincent McAlister and Braxton W. Ashe of Almon, McAlister & Ashe, Sheffield, for appellees.
FAULKNER, Justice.
This is an appeal from a judgment in a negligence action for the defendant. We affirm.
On December 27, 1972, during the course of his duties, Frank Watson, an employee of Union Carbide Corporation, was injured in a 35 foot fall when a steel bin above him came loose. At the time of the accident Calvin McGee, a contractor, was performing demolition work at the plant pursuant to a contract. Part of McGee's job was to dismantle one of the furnaces. As a final step in the dismantlement, a steel bin had to be removed. The accident occurred when the bin was cut loose by a member of McGee's crew. After the accident Union Carbide conducted an investigation and obtained statements of several witnesses, including James Tolbert, a member of McGee's crew, who died prior to the trial.
Watson, the injured employee, filed suit in the Circuit Court of Colbert County against the contractor, McGee, seeking damages of $500,000 for negligent and/or wanton injury. Watson relied on the safety provisions in the contract while McGee claimed Watson was contributorily negligent. The jury found for McGee and Watson appeals.

I.
It was not reversible error for the Circuit Court to admit into evidence the written statements of Tolbert who died before the trial and who never testified. The statements were in the form of two exhibits, numbered 4 and 2A.
Exhibit 4 was entered into evidence by stipulation of the parties. This exhibit was attached to a pre-trial order which, under Rule 16 of the Alabama Rules of Civil Procedure, controls the subsequent course of the action. Moreover, the objecting attorney admitted several times at trial that the parties had agreed that Tolbert's statement would be put into evidence. Agreements and stipulations made in a pre-trial order and admitted in court are binding on the parties and admissible into evidence. See Prestwood v. Watson, 111 Ala. 604, 20 So. 600 (1895); Brunswick v. Regent, 463 F.2d 1205 (5th Cir. 1972).
Exhibit 2A was an excerpt from an accident investigation report. It was a summary of a statement by Tolbert taken by the Superintendent of Industrial Relations at Union Carbide. As admitted by the objecting attorney at trial, there is no significant difference between the two statements, as contained in Exhibits 4 and 2A, except the inclusion of the name "Hovater" in Exhibit 4. The appellant must not only establish error but also must show that he was probably prejudiced by the error. Shelby County v. Baker, 269 Ala. 111, 110 So.2d 896 (1959). Since the statements are substantively the same and since Exhibit 4 was properly admitted into evidence, there was no prejudicial error as to Watson.

II.
It was not reversible error for the lower court to admit into evidence the parol testimony of Robert Downie, Assistant Superintendent of Engineering and Maintenance at Union Carbide, concerning the contract between Union Carbide and McGee.
*464 Watson first objects to the trial court's allowing Downie to testify that it was his understanding with McGee that if McGee had any problems or questions about the job, he was to consult Downie. There is no prejudicial error here. None of the parties to the contract is attempting to vary the terms of the contract by this testimony. In fact, the parties to the contract agree as to their understanding of the contract. It is a non-party who is complaining.
Next Watson complains that the trial court erred in allowing Downie to explain § 25 of the contract. A contract may be explained consistently with its terms. Chastain & Blass Real Estate & Ins., Inc. v. Davis, 280 Ala. 489, 195 So.2d 782 (1967). In order for the court to properly interpret the contract, the court may use parol evidence to put itself in the position of the parties. American Mut. Liab. Ins. Co. v. Tuscaloosa Veneer Co., 237 Ala. 187, 186 So. 133 (1939). There was no attempt to challenge the contract or the meaning of its terms. Downie was merely asked to illuminate its meaning. Parol evidence is admissible to explain the writing or to show the purpose and character of the transaction. 30 Am.Jur.2d Evidence § 1065 (1967) (citing Baker v. Gregory, 28 Ala. 544 (1856)). Since this evidence aided in the interpretation of the writing by placing the court in the position of the parties, it is admissible.
Watson also questions the lower court's allowing Downie to testify that he instructed McGee to remove the catwalk on the ground that such an instruction would be an oral modification or contradiction of a written contract. Parties to a written contract may by mutual consent without other consideration orally alter, modify or rescind the contract. Allied Mills, Inc. v. St. John, 275 Ala. 69, 152 So.2d 133 (1963). Downie's testimony was thus admissible.

III.
The trial court did not commit reversible error by sustaining an objection to a question asked by Watson on cross-examination of McGee's witness. The question was as follows:
"Let me ask you on page 9 of Plaintiff's Exhibit No. 6, it says `when working overhead, station a man below or use danger signs and rope off to warn others of the danger.' Would you say that rule should have applied to Calvin McGee and the work he was doing?"
The refusal to allow a witness to answer a question calling for a conclusion of the witness and invading the province of the jury was not error. Jackson Lumber Co. v. Butler, 244 Ala. 348, 13 So.2d 294 (1943); O'Rear v. Richardson, 17 Ala.App. 87, 81 So. 865 (1919). See 98 C.J.S. Witnesses § 328 (1957).
Asking a witness whether something should have applied is asking the witness to give his opinion about something not within his knowledge. Even if he could have drawn a conclusion or offered a guess, such a response would be of little value in a proceeding supposedly based on fact and law, not mere opinion.
On direct examination, the witness was asked what safety rules were in effect at the site at the time of the accident, whereas on cross-examination he was asked whether a specific rule should have applied. The answer to Watson's question could neither explain nor rebut any prior issue. Sustaining this objection did not deny Watson's right to respond in kind or his right to a searching and sifting cross-examination.
"Opinions should never be substituted for obtainable facts." Dersis v. Dersis, 210 Ala. 308, 98 So. 27 (1923). Since the contract in question was in evidence, the question of what safety rules were applicable was a question for the jury. Therefore, the objection to Watson's question was correctly sustained.

IV.
It was not reversible error for the court to allow McGee to answer questions concerning instructions given him by Downie.
Watson at lower court specifically objected to a question asking if Downie told McGee that he would keep the Union Carbide *465 people out of the demolition work area. However, the court sustained the objection and no answer was given; thus, there was no prejudicial error. Madison Highlands Dev. Co. v. Hall, 283 Ala. 333, 216 So.2d 724 (1968).
Watson also objected to the question, "And did you [McGee] put it [the rope] up at the request of Mr. Downie?" Although the objection was overruled, there was no prejudicial error because the matter of Downie's request was thoroughly covered in both prior and subsequent questions which were not objected to. See Central of Ga. Ry. Co. v. Lee, 221 Ala. 661, 151 So. 840 (1934); Prosch v. Prosch, 47 Ala.App. 33, 249 So.2d 855 (1971).
We will not consider whether certain questions now complained of were inadmissible because they elicited hearsay responses, because these questions were not objected to below by Watson. An objection must be made to a question and a ground stated therefor, or the objection and any error is waived. Madison Highlands Dev. Co., supra; 88 C.J.S. Trial § 115 (1955). Therefore, if no objection is made, there is no error in allowing into evidence the answer.
In view of the above, and in light of the fact that Downie's testimony verified McGee's answers, and that both Downie and McGee were available for cross-examination, we find no prejudicial error in the court's allowing McGee's answers into evidence.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, EMBRY, and BEATTY, JJ., concur.
MADDOX, J., concurs in result.
JONES and SHORES, JJ., dissent.
ALMON, J., not sitting.
JONES, Justice (dissenting):
I respectfully dissent on two points:
1) the admissibility of Exhibit 2A which is treated in Section I of the opinion, and
2) the admissibility of the question asked of the witness, Downie, on cross-examination, which is treated in Section III of the opinion.
1) Exhibit 2A, in my opinion and by all the rules of evidence with which I am familiar, was clearly inadmissible. It was in the form of an accident investigation report prepared and maintained by a third party, Union Carbide, and consisted of a summary of a statement given shortly after the accident by a witness who died between the time of the accident and the time of the trial. It was offered and admitted, over objection, as an exception to the hearsay rule permitted by ARCP, 44(h) (Business Entries). This exact point was addressed and laid to rest by the United States Supreme Court, interpreting the Federal "Shop Book" Act, in Palmer v. Hoffman, 318 U.S. 109, 113, 63 S.Ct. 477, 480, 87 L.Ed. 645 (1943):
"An accident report may affect that business in the sense that it affords information on which the management may act. It is not, however, typical of entries made systematically or as a matter of routine to record events or occurrences, to reflect transactions with others, or to provide internal controls. The conduct of a business commonly entails the payment of tort claims incurred by the negligence of its employees. But the fact that a company makes a business out of recording its employees' versions of their accidents does not put those statements in the class of records made `in the regular course' of the business within the meaning of the Act."
To be sure, Mr. Justice Faulkner, speaking for the majority in this case, affirms not on the basis of Rule 44(h), but on the basis of ARAP 45 (Harmless Error). In other words, reasons the opinion, because Watson's counsel had agreed (at the time of the pre-trial order) to admit Tolbert's written statement in the evidence, it was not prejudicial error to admit the company-maintained accident report; and this for the reason that "there is no significant difference between the two statements . . . except the inclusion of the name `Hovater' in Exhibit 4."
*466 This is a curious application of Rule 45, for its effect is to force upon the party stipulating to the admission of one statement, the admission of another statement different in kind and source from the first, so long as the two are similar in substance. A party may have no objection, on the one hand, to stipulating to the use of a written statement by a witness otherwise inadmissible; while, on the other hand, he may validly object to admitting another's "summary" of the same witness' account of the accident. The nature and source of the latter statement, as well as its cumulative effect, could hardly be said to be nonprejudicial.
Furthermore, the rule of this case, in my opinion, will effectively eliminate pre-trial stipulations regarding use of statements as evidence for fear that such stipulations will be given a scope of operation beyond the original intent of the parties. Indeed, as here applied, the Harmless Error Rule means that Watson's counsel stipulated not only that Tolbert's written statement could be put into evidence, but also that the company prepared and maintained accident investigation report could be put into evidencea result clearly not contemplated by the pre-trial stipulation.
2) The second point of my dissent is directed to the second sentence of the fourth paragraph under Section III of the opinion: "The answer to Watson's question could neither explain nor rebut any prior issue."
This expresses, at least in part, the Court's rationale for affirming the trial Court's exclusion of a question put to McGee's witness, Downie, concerning "his understanding" of certain safety provisions of the contract. Ordinarily, this would have been inadmissible because of the form of the question; here, however, the question was in the same vein and but an extension of the questions asked on direct examination and should have been admitted.
Apart from this, it is the Court's rationale that the question on cross-examination was properly disallowed because the answer "could neither explain nor rebut any prior issue" that invokes, respectfully, my strong and earnest protest. In the first place, nothing was more relevant to this entire law suit than the applicability of the safety provisions of the contract to the defendant McGee. Indeed, relevancy was not assigned or argued as a basis for the objection to the question. In the second place, I do not understand the use of the word "prior" as used in the quoted sentence. Either the subject matter of the question was an issue by virtue of the pleadings and pre-trial order or it was not. The reference to a "prior issue" is strange and foreign to any practice and procedure with which I am acquainted.