Margaret K. **BELKE**, Plaintiff,

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; Frank Utermehle; Norbert Fischer; Edward C. Weizer, G. William Rolls and Leigh Rolls, Defendants.**

No. 77–2837–CIV–JCP.

United-States District Court, S. D. Florida.

July 10, 1981.

Lewis Brown, Miami, Fla., for plaintiff.

Bennett Falk, Miami, Fla., John G. Shiley, Coral Gables, Fla., for defendants.

## ORDER

PAINE, District Judge.

At the inception of this case plaintiff's complaint sought relief for damages under both Federal Securities Law and state common law. A summary judgment was granted which dismissed all the federal claims leaving only the common law causes of action. The dismissal of the federal claims prompted the filing of two motions which are now before the Court.

I. Motion for summary judgment filed October 5, 1979 by defendants Utermehle, Fischer and Weizer.

These three defendants were served in accordance with 15 U.S.C. § 78aa which permits in Federal Security Act cases the defendants to be served wherever found. Their basic contention is that because there are no remaining federal claims in this case, the Court does not have jurisdiction over them. FRCP 4 limits the territorial jurisdiction of the Court unless there is a statute which allows for an exception. Besides the non-applicability of the statute defendants contend that all acts or transactions which the suit is predicated upon took place in either Pennsylvania or New Jersey and not in Florida, thus the Court does not have the requisite minimum contacts. They cite *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) but that case does not deal with this situation where initially jurisdiction is proper. Plaintiff relies on the doctrine of pendent jurisdiction in arguing against the motion. In actuality, that doctrine is not exactly applicable as this situation falls somewhere between the doctrines of pendent parties and pendent jurisdiction where there has been a dismissal of the federal claims.

The defendants' argument in the jurisdictional sense goes to the Court's power over the defendants once the federal claims which allowed extraterritorial service are dismissed. Normally pendent jurisdiction refers to the adjudication of state claims where the primary jurisdiction of the Court is predicated on federal claims. In this case there is no federal claim to which a state claim could be pendent. The pendent party doctrine refers to the situation where "X" has a federal claim against "Y" and also wants to assert a state claim against "Z" because the claims relate to the same transactions.

*United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) held that the state and federal claim must derive from a common nucleus of operative fact. But if considered without regard to their federal or state character, where a plaintiff's claims are such that he would ordinarily be expected to try them in one proceeding, then assuming substantiality of the federal issues, there is power in federal courts to hear the whole matter. The doctrine of pendent jurisdiction is discretionary with the Court, and is justified by the notions of judicial economy and fairness and convenience to the litigants. This question of power is normally resolved on the pleadings but can remain open during the entire litigation. The Court also said that if the federal claims are dismissed before trial,

even though not insubstantial in the jurisdictional sense, the state claims should be dismissed as well. In spite of this there are quite a number of cases where Courts have retained the cases after dismissal of the federal claim.

*Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1975) examined the question of whether the doctrine of pendent jurisdiction confers jurisdiction to a party where there is no independent basis of federal jurisdiction. Again it is necessary that the claims stem from a common nucleus of operative fact. Although in this case the Court found pendent party jurisdiction barred by Congress, it did not rule out the possibility in other situations. *Aldinger* was a civil rights case where the plaintiff sought to bring in the County as a pendent party. It was held that Congress had foreclosed this possibility. In determining whether there can be pendent party jurisdiction in a particular case, the Court first must consider whether the party sought to be joined is otherwise subject to federal jurisdiction. If the party is not subject to federal jurisdiction then the Court must satisfy itself that Article 3 of the Constitution permits such jurisdiction and that Congress has not expressly or by implication precluded it.

By reasoning from a number of other cases this Court finds that Congress has not precluded continuing jurisdiction in this case, making it within the Court's discretion as to whether jurisdiction should be retained.

It has been held that a District Court could entertain pendent state claims once there was jurisdiction under 15 U.S.C. § 78aa. *International Controls Corp. v. Vesco,* 593 F.2d 166 (2d Cir. 1979). That service was made extra-territorially had no effect on the Court's pendent jurisdiction. Two Fifth Circuit cases have said it was permissible to retain the pendent state claims where the federal securities claim was dismissed. *O'Connell v. Economic Regional Analysts, Inc.,* 499 F.2d 994 (5th Cir. 1971); *Brunswick v. Regent,* 463 F.2d 1205 (5th Cir. 1972). It should be noted that in neither of these cases was extra-territoriality a problem. And other Fifth Circuit cases seem to allow for some freedom of judicial discretion. For instance, it has been held that it was proper to dismiss where the federal claims were dismissed on summary judgment, but there the plaintiff did not even bother to respond to the defendant's motion. *Daniels v. All Steel Equipment, Inc.,* 590 F.2d 111 (5th Cir. 1979). *Reid v. Hughes,* 578 F.2d 634 (5th Cir. 1978) held that discretion was not abused in dismissing the pendent claim. There was nothing in the case to suggest that the Court could not have just as well retained jurisdiction over the pendent claim. Thus, the Fifth Circuit does allow discretion with regard to retaining pendent claims after the federal claims are dismissed.

Since the Court certainly had proper pendent jurisdiction before the federal claims were dismissed there is no reason not to retain jurisdiction. At any rate the same issues will have to be tried with regard to Merrill Lynch and G.W. Rolls so it will not be judicially inconvenient to retain jurisdiction. Furthermore, although time barred, the federal claims do not appear to have been frivolous or included for the mere purpose of obtaining extra-territorial service.

The key issue—whether the Court retains its power over the extra-territorial defendants—was not answered by any of the cases. But if it is permissible to hear pendent claims in conjunction with the federal claims that is some indication that Congress has not precluded the pendent party doctrine. See also *Boudreaux v. Puckett,* 611 F.2d 1028 (5th Cir. 1980). It is this Court's view that although FRCP 4 limits extra-territorial service it does not limit the Court's power or jurisdiction. 15 U.S.C. 78aa expands the plaintiff's ability to perfect service. It has no effect on jurisdiction. The dismissal of the Federal Security claims prevents the defendant from further serving extra-territorial defendants, but those already within the Court's fold are not thereby released. The Court then has discretion with respect to the exercise of

606

jurisdiction. The Court finds that in the interests of fairness and economic utilization of judicial resources, jurisdiction over these defendants will be maintained and the motion for summary judgment should be denied.

II. Application for stay pending arbitration filed November 1, 1979 by defendant Merrill Lynch, Pierce, Fenner & Smith, Inc.

Merrill Lynch and Belke had a customer agreement in force which allowed for arbitration of disputes. Pursuant to 9 U.S.C. § 3 this defendant has requested a stay. Plaintiff argues and the statute says that a stay should not be granted if the applicant for the stay is in default in proceeding with such arbitration.

In its argument Merrill Lynch suggests that as long as the federal claims were pending the Court could not stay the pendent state claims and a motion to stay would be futile. There is no dispute that Federal Securities claims are not subject to arbitration. Defendant suggests in the interest of judicial economy it did not assert its right to arbitration. Furthermore, if Belke had not alleged diversity jurisdiction as an alternative then the summary judgment on the federal claims would have resulted in the dismissal of the pendent state claims. Merrill Lynch never alluded to the right to demand arbitration until after the order of summary judgment. In the meantime there has been much post suit activity in terms of motion practice and discovery.

The correct thing for defendant to have done was to preserve its right to arbitrate early in the suit. If some claims are arbitrable and others are not and they are easily severable, the Court should stay proceedings as to those claims which are arbitrable. Unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue, then a stay pending arbitration should be granted. *Wick v. Atlantic Marine, Inc.*, 605 F.2d 166 (5th Cir. 1979). It is not for the litigant to decide that had an earlier motion to arbitrate been made it would surely have been denied and thus was a futile gesture. *Sil-*

*bey v. Tandy Corp.*, 543 F.2d 540 (1976) is the leading Fifth Circuit case which discusses the severing of arbitrable claims from non-arbitrable federal claims. The Court said arbitration should be denied only when it is impossible to sever. The technicalities of determining impossibility need not be discussed here.

In construing 9 U.S.C. § 3 in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967) the Court said "in passing upon a section 3 application for stay while the parties arbitrate, a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." From this language alone one might conclude that a District Court does not have the right to consider waiver of the right to arbitrate. In discussing this the Eighth Circuit has found that the Court can consider waiver when it is constituted by a default in proceeding. *N & D Fashions v. DHJ Industries*, 548 F.2d 722 (8th Cir. 1977). A default occurs when a party actively participates in a law suit or takes other action inconsistent with the right to arbitration.

Extensive post suit actions in complex litigation can serve as a waiver of the right to demand arbitration. The other party has been prejudiced by being forced to bear the expenses of trial. Substantially invoking the litigation machinery qualifies as the kind of prejudice which is the essence of waiver. *E.C. Ernst v. Manhattan Construction*, 551 F.2d 1026 (5th Cir. 1977) affd. on reh. 559 F.2d 268 (5th Cir. 1977). In other words, delay alone may not constitute default in proceeding but delay coupled with prejudice is waiver. One of defendant's authorities, *Carcich v. Rederi*, 389 F.2d 692 (2nd Cir. 1968) says in footnote 7 that taking advantage of discovery not available in arbitration constitutes prejudice.

Finally, Merrill Lynch argues that the issue of waiver or default in proceeding is an issue for the arbitrator and not the Court. Its supplementary memorandum cites *ContiCommodity Services, Inc. v. Philipp & Lion*, 613 F.2d 1222 (2nd Cir. 1980).

That Court held that time bar defenses to arbitration are to be settled by the arbitrator and not the Court. But in this case one party requested arbitration before any suit was filed. The case arose from a petition to the New York District Court to stay arbitration and a cross-motion to compel arbitration. This is quite unlike the instant case where arbitration was not raised until approximately 26 months after the inception of litigation. *N & D Fashions, Inc., supra,* discusses a second type of waiver which is an issue to be presented at arbitration. This is waiver in the sense of estoppel where to go to arbitration would be inequitable to one party because relevant evidence has been lost due to delay. This type of waiver is not at issue here.

■ Finally, Merrill Lynch has brought to the Court's attention *Sawyer v. Raymond, James and Associates, Inc.,* 642 F.2d 791 (5th Cir. 1981). This case reaffirms a case-by-case approach for determining if the common law issues are severable for arbitration. There being no per se rule in this regard, defendant should have raised this issue early in the case to permit a judicial determination at that time. The Court finds that Merrill Lynch has waived its right to arbitrate in this case.

Thereupon, it is

ORDERED and ADJUDGED:

1. The defendants' motion for summary judgment is denied.

2. Merrill Lynch's motion to stay pending arbitration is denied.

3. The case will be set for trial in the near future.