John E. FONTENOT, Appellant,

v.

NL INDUSTRIES, INC. and Theodore C. Rogers, Appellees.

No. 01-93-00184-CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 16, 1993.

Rehearing Denied Dec. 23, 1993.

Rehearing Overruled March 17, 1994.

William H. Bruckner, Sylvia Davidow, Robin S. Littman, Bruckner & Sykes, L.L.P., Houston, for appellant.

Jack G. Carnegie, Tom Bayko, Holtzman & Urquhart, Houston, for appellees.

Before COHEN, MIRABAL and ANDELL, JJ.

---

## OPINION

COHEN, Justice.

Fontenot appeals from a take-nothing summary judgment. We affirm.

Appellant originally sued for damages in federal court under the Employee Retirement Income Security Act (ERISA), claiming benefits under the NL Industries, Inc. Senior Executive Severance Plan (the Plan). NL moved for summary judgment pursuant to FED.R.CIV.P. 56, asserting the Plan was not covered by ERISA and that appellant had waived his rights. The federal district court granted summary judgment on both grounds. The court of appeals affirmed. *Fontenot v. NL Indus., Inc.,* 953 F.2d 960 (5th Cir.1992). It held that the Plan was not covered by ERISA, and did not decide the waiver issue. *Id.*

Appellant then brought this suit. Appellees moved for summary judgment on grounds of res judicata, collateral estoppel, waiver, and limitations. The order granting summary judgment did not state its basis.

■ We follow the usual standard of review. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *Goldberg v. United States Shoe Corp.,* 775 S.W.2d 751, 752 (Tex.App.—Houston [1st Dist.] 1989, writ denied). We affirm if any theory in the summary judgment motion was meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

■ The limitations defense is meritorious. Appellant's tort and contract claims were brought in state court more than four years after they accrued. Thus, they are barred. TEX.CIV.PRAC. & REM.CODE ANN. § 16.004 (Vernon 1986). Appellant claims that the statute was tolled while his case was pending in federal court, based on TEX.CIV. PRAC. & REM.CODE ANN. § 16.064. Section 16.064 suspends the running of the statute of limitations while a case is pending in a court that had no jurisdiction, if the plaintiff sues in court of proper jurisdiction within 60 days after the dismissal for lack of jurisdiction. Appellant claims he is entitled to these benefits because he brought this suit in state court within 60 days after his federal suit was dismissed for lack of jurisdiction.

We hold that appellant is not entitled to the benefits of section 16.064 because his federal case was not dismissed for lack of jurisdiction. Neither the federal district judge's opinion nor the federal court of appeals' opinion said a word about lack of jurisdiction. Neither mentioned either FED. R.CIV.P. 12(b)(1) or 12(h)(3), concerning dismissals for lack of jurisdiction. The federal district judge's decision on the waiver issue was clearly a decision on the merits because that issue could not have been reached unless there was jurisdiction.

Both federal courts found that the plan was not covered by ERISA. Thus, appellant contends, there was no jurisdiction because ERISA was his sole basis for claiming federal jurisdiction. The flaw in this argument is that federal court jurisdiction is found on the face of the plaintiff's complaint, not on the proof shown at trial or summary judgment. *Bell v. Hood,* 327 U.S. 678, 681, 66 S.Ct. 773, 775, 90 L.Ed. 939 (1946).

The issue was cogently explained in *Williamson v. Tucker,* 645 F.2d 404, 415–16 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). The United States Supreme Court has enunciated a "strict standard" for jurisdictional dismissals when the basis for jurisdiction is also an element in the plaintiff's federal cause of action. *Id.* It is well settled that the failure to state a cause of action calls for judgment on the merits, not for a dismissal for want of jurisdiction. *Id.* Whether the complaint states a claim on which relief could be granted is a question of law to be decided after and not before the court has assumed jurisdiction over the controversy. *Id.* If the court later determines that the complaint states no ground for relief, then dismissal of the case is on the merits, not for want of jurisdiction. *Id.* Where a challenge to the court's jurisdiction is also a challenge to the existence of the federal cause of action, the proper course of action for the district court (assuming the federal claim is not patently frivolous) is to find that jurisdiction exists and then treat the motion as an attack on the merits of the plaintiff's case. *Id.* Judicial economy is best promoted when the existence of a federal right is reached and, where

no claim is found to exist, the case is dismissed on the merits. *Id.* Therefore, as a general rule, a claim cannot be dismissed for lack of subject matter jurisdiction due to the absence of a federal cause of action. *Id.* The exceptions to this rule are narrowly drawn and are intended to allow jurisdictional dismissals only if a federal claim is so insubstantial that it has no plausible foundation or is clearly foreclosed by prior supreme court decision. *Id.* Thus, the court held in *Williamson* that when a plaintiff sued under federal securities laws and the interests he held were not "securities" as defined in those statutes, a dismissal for that reason was a dismissal on the merits, not for lack of subject matter jurisdiction. *Id.* The same is true here. *Accord Bell,* 327 U.S. at 681–85; 66 S.Ct. at 775–77; *Sarmiento v. Texas Bd. of Veterinary Medical Examiners,* 939 F.2d 1242, 1245–46 (5th Cir.1991); *Brunswick v. Regent,* 463 F.2d 1205, 1206 (5th Cir.1972); *McCurnin v. Kohlmeyer & Co.,* 477 F.2d 113, 114–15 (5th Cir.1973). We conclude that the federal courts had jurisdiction to determine the ERISA claim on the merits, and they did so by finding the Plan was not covered by ERISA—an element of appellant's cause of action. The ERISA claim, as pleaded, was not clearly insubstantial or frivolous. Because the federal case was not dismissed due to lack of jurisdiction, the running of the limitations period was not tolled by article 16.064.

Point of error four is overruled. Because the judgment was correct on the basis of limitations, we need not reach appellant's claims that the summary judgment was improperly granted on grounds of res judicata, collateral estoppel, and waiver.

The judgment is affirmed.